(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
GREGORY DEPIANO,                    :
                                    :
            Plaintiff,              :     Civil No. 02-5441 (RBK)
                                    :
      v.                            :     **OPINION**
                                    :
ATLANTIC COUNTY, et al.             :
                                    :
            Defendants.             :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendants Atlantic County and Warden Gary Merline ("Defendants"), seeking attorney's fees and litigation costs from plaintiff Gregory DePiano ("Plaintiff") pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988, or in the alternative, taxable costs pursuant to L. Civ. R. 54.1.  For the reasons set forth below, Defendants' motion will be granted in part and denied in part.  Specifically, this Court will deny Defendants' motion for attorney's fees and litigation costs pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988, and will grant Defendants' motion for taxable costs pursuant to L. Civ. R. 54.1.

**I.  BACKGROUND**

Plaintiff brought this action against Defendants on November 6, 2002, alleging that they

1

had discriminated against him and harassed him in violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq. ("NJLAD") and violated his right to privacy, which was enforceable under 42 U.S.C. § 1983.  Plaintiff claimed that these actions stemmed from the disclosure of photographs that portrayed him wearing women's clothing.

On December 3, 2004, this Court entered an order awarding Defendants summary judgment on all claims.  This Court held that Plaintiff's failure to include the lawsuit in his bankruptcy filings necessitated the entry of judgment against him under the doctrine of judicial estoppel.

On January 21, 2005, this Court entered an order granting, in part, Plaintiff's motion for reconsideration.  Specifically, this Court amended its order to allow Plaintiff to proceed on his claims under the NJLAD and § 1983 insofar as he was seeking injunctive relief, namely reinstatement to his prior position of Sergeant in the county corrections department.

On September 2, 2005, this Court granted in part and denied in part Defendants' motion for summary judgment.  This Court granted Defendants summary judgment regarding Plaintiff's claims for disability discrimination and disparate treatment due to gender discrimination.  This Court denied Defendants summary judgment on Plaintiff's remaining claims.  Specifically, this Court held over for trial Plaintiff's claim that he was subjected to a hostile work environment, constituting harassment under the NJLAD, based on disciplinary action taken against him which he alleged stemmed from the revelation that he had dressed in women's clothing. This Court also held over for trial Plaintiff's claim under § 1983 that Defendants had violated his right to privacy by disclosing and maintaining pictures of Plaintiff dressed in women's clothing.

This Court held a non-jury trial on the remaining matters between February 9, 2006 and

March 3, 2006. On April 25, 2006, this Court issued an opinion and findings of fact, granting judgment in favor of Defendants on all remaining claims.

## II.  APPLICABLE LAW

In a civil rights action filed pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  While "it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances," County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001), when a defendant is the prevailing party, he may recover attorney's fees "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

In applying this standard, the Supreme Court has cautioned that "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes, 449 U.S. at 14.  When applying this standard in a Title VII case, the Third Circuit noted that "courts should consider several factors including '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985)).  The Third Circuit further noted that "[t]hese factors are, however, guideposts, not hard and fast rules."  L.B. Foster, 123 F.3d at 751.

## III. ANALYSIS

    A.    <u>Attorney's fees and litigation costs pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988</u>

In their brief supporting their motion for attorney's fees and litigation costs, Defendants acknowledge that Plaintiff did initially set forth a prima facie case. However, Defendants claim that once Plaintiff's case became reduced to one seeking only injunctive relief, namely the reinstatement of Plaintiff as a Sergeant, "the claim of DePiano became groundless and his continuation with litigation was unreasonable." (Defs.' Br. at 5.) Specifically, Defendants claim that the factual record contained a litany of disciplinary actions taken against Plaintiff during his period of employment at the Atlantic County Justice Facility. Therefore, Defendants assert, Plaintiff could not have claimed that Defendants lacked a legitimate reason for demoting him. Defendants also claim that Plaintiff's allegations for an invasion of privacy were baseless, as he offered no evidence that an unauthorized party was in possession of the photographs, and was further aware that he had waived his right to privacy by leaving his home wearing women's clothing. (Defs.' Br. at 11-12.)

Plaintiff counters that of the factors set forth by the Third Circuit in <u>L.B. Foster</u> as guideposts for determining whether a claim is frivolous, unreasonable, or without foundation, all point in Plaintiff's favor. Specifically, Plaintiff notes that he established a prima facie case, Defendants did not offer to settle, and this Court did not dismiss the case prior to trial, but rather held a trial on the merits. (Pl.'s Br. at 4.) Plaintiff does not contest the fact that Defendants were the prevailing party in this action.

This Court finds neither Defendants' argument regarding the harassment claim nor its

4

argument pertaining to the invasion of privacy claim to be compelling.  Regarding Plaintiff's harassment claim, Defendants allege that Plaintiff's disciplinary record, of which Plaintiff was obviously aware before bringing this suit, necessitated a finding that his demotion was based on legitimate, non-discriminatory reasons.  This Court finds such a rationale unpersuasive.  Were this Court to agree with Defendants' reasoning, it would be acknowledging that any plaintiff who found himself to be the victim of discrimination in violation of the NJLAD could not sustain a claim against his employer if said plaintiff were to have a less than stellar, or even poor, disciplinary record.  Moreover, Defendants would have this Court find that such a suit would not only fail, but it would be "frivolous, unreasonable, or without foundation."  This Court declines to so hold.  Ultimately, at trial, this Court found that Plaintiff did not prove by a preponderance of the evidence that he had been subjected to a hostile work environment because he failed to show that the disciplinary actions would not have been taken but for his cross-dressing.  DePiano v. Atlantic County, 2006 U.S. Dist. LEXIS 27434, at *14-*15 (D.N.J. Apr. 25, 2006) (DePiano IV).  However, such a conclusion was not preordained by the record prior to the filing of the action, but rather became the conclusion of this Court as it sat as a finder of fact.  Indeed, Plaintiff's disciplinary record was not a bar to reaching the trial stage despite Defendants' filing of dispositive motions.  This Court therefore finds that Plaintiff's harassment claim was neither frivolous, unreasonable, nor without foundation.

      Similarly, this Court disagrees with Defendants' argument regarding Plaintiff's claim for an invasion of privacy.  In denying summary judgment on the issue, this Court rejected Defendants' argument that Plaintiff had waived his right to privacy.  DePiano v. Atlantic County, 2005 U.S. Dist. LEXIS 20250, at *40-*41 (D.N.J. Sept. 2, 2005) (DePiano III).  This Court

similarly rejected the notion that Plaintiff was, as a matter of law, unable to show that his privacy rights had been violated, as this Court noted that Plaintiff produced evidence that the pictures had been circulated around for no legitimate reason. Id. at *38.

At trial, this Court found that Plaintiff's right to privacy had not been violated, as the distribution of the photographs was not sufficiently widespread, DePiano IV, 2006 U.S. Dist. LEXIS at *18, and the county had a legitimate reason for maintaining possession of the photographs. Id. at *19. However, as was the case regarding Plaintiff's harassment claim, the Court reached such a finding as the trier of fact and after weighing the evidence presented by both Plaintiff and Defendants.

Moreover, this Court agrees with Plaintiff in noting that of the factors set forth by the Third Circuit in L.B. Foster for determining whether to award attorney's fees, none are applicable in this case. Plaintiff made out not only a prima facie case, but one that survived summary judgment on some claims as well, and ultimately proceeded to a trial. Furthermore, Defendants do not dispute Plaintiff's contention that Defendants did not offer to settle. (Pl.'s Br. at 4.)

Based on the above reasoning, this Court concludes that Plaintiff's claims were neither frivolous, unreasonable, nor without foundation, and therefore declines to award Defendants attorney's fees pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988.

B.      Costs pursuant to L. Civ. R. 54.1

Defendants state that if this Court denies their motion for attorney's fees and litigation expenses under L. Civ. R. 54.2, this Court should nonetheless have the Clerk enter an award of taxable costs pursuant to L. Civ. R. 54.1. According to Fed. R. Civ. P. 54(d)(1), "[e]xcept when

express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Third Circuit has held that these costs are those expenses set forth in 28 U.S.C. § 1920.  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1223 (3d Cir. 1995).

Plaintiff argues that in light of his financial situation and the costs already incurred in pursuing this case, this Court should deny Defendants' motion for costs.  However, in construing Rule 54(d)(1), the Third Circuit has stated that "[b]y mandating that, subject to court intervention, costs be allowed to a prevailing party as of course, the rule creates the 'strong presumption' that costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000) (citations omitted).  Furthermore, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances."  Id. at 462-63.  Unlike in Paoli, where the plaintiffs "introduced evidence that they are indigent or unable to pay the large costs award imposed in this case," id. at 464, Plaintiff in this case admits to being employed full-time as a county corrections officer. (Pl.'s Br. at 5.)  Therefore, this Court finds that Plaintiff has not met his burden of showing an award of costs to be inequitable.  Accordingly, this Court will order Defendants to submit to the Clerk a Bill of Costs within fourteen (14) days of today's date.  This Court subsequently directs the Clerk to tax such costs, pursuant to L. Civ. R. 54.1.

**IV.  CONCLUSION**

For the foregoing reasons, this Court will deny Defendants' motion for attorney's fees and litigation costs pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988, and will grant Defendants'

motion for taxable costs pursuant to L. Civ. R. 54.1.  Defendants are ordered to submit a Bill of Costs to the Clerk within fourteen (14) days of today's date.  The accompanying order shall issue today.


Dated: October 6, 2006                                                    s/ Robert B. Kugler                   

                                                             ROBERT B. KUGLER
                                                             United States District Judge